UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

DAVID BOONE,

                                 Plaintiff,

           -against-

CITY OF NEW YORK, ARIEL PEREZ, Individually,
and JOHN and JANE DOE 1 through 10, Individually,
(the names John and Jane Doe being fictitious, as the true
names are presently unknown),

                                 Defendants.

--------------------------------------------------------------------------------X

**COMPLAINT**

Index No.:

<u>Jury Trial Demanded</u>

      Plaintiff DAVID BOONE, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of

the defendants, respectfully alleges as follows:

## **Preliminary Statement**

      1.     Plaintiff brings this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said

rights are secured by said statutes and the Constitution of the United States.  Plaintiff also asserts

supplemental state law claims.

## **JURISDICTION**

      2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.

      3.     Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

## **VENUE**

      4.     Venue is properly laid in the Southern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff DAVID BOONE is a thirty-one-year-old resident of Bronx, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants, ARIEL PEREZ and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

2

## FACTS

12.     On December 9, 2021, at approximately 10:45 p.m., plaintiff was standing near a parked vehicle, in the vicinity of 915 Dawson Street, Bronx, New York, waiting for his taxicab to pull up, when defendant NYPD officers ARIEL PEREZ and JOHN DOE 1 pulled over the police vehicle they were operating.

13.     The defendant officers exited their vehicle, approached plaintiff, and demanded to see plaintiff's identification.

14.     The defendant officers falsely claimed plaintiff was blocking traffic.

15.     Plaintiff explained he was there because he was about to get into a cab.

16.     After unlawfully detaining plaintiff, defendant PEREZ gave plaintiff back his identification and told him he was giving plaintiff a warning.

17.     As plaintiff walked away, he lawfully replied to defendant EPREZ, "I don't' give a fuck about no warning."

18.     In response, defendant PEREZ unlawfully and otherwise needlessly rushed at the plaintiff, and with the assistance of JOHN DOE 1, grabbed plaintiff, and used excessive force by, *inter alia*, forcefully taking plaintiff into custody when no force was necessary, and otherwise using more force than was reasonable under the circumstances.

19.     Plaintiff was placed in handcuffs, placed in a police vehicle, and transported to the NYPD's 41st precinct by other officers who were called to the scene.

20.     Plaintiff was imprisoned therein and held for approximately two hours, at which point plaintiff was released with a summons issued by defendant PEREZ charging plaintiff with disorderly conduct, for allegedly blocking traffic and causing a crowd to gather, neither of which was true.

3

21.     Said false evidence was used against plaintiff and formed the basis of his false arrest and the criminal charges filed against plaintiff.

22.     The defendant officers initiated said prosecution by issuing said summons with malice, and otherwise caused the prosecution to be commenced against plaintiff without probable cause.

23.     As a result of defendants' actions, plaintiff was compelled to appear in Bronx County Criminal Court on December 28, 2021, on which date the false charges lodged against him were dismissed by the Court on the grounds that the summons was legally insufficient.

24.     Defendants PEREZ and JOHN and/or JANE 1 through 10 either directly participated and/or supervised the false arrest and malicious prosecution of plaintiff or failed to intervene in said constitutional violations despite being present for and/or aware that said violations were occurring.

25.     As a result of defendants' conduct, plaintiff sustained, without limitation, injuries to his left wrist and lower back, emotional distress, and loss of liberty.

26.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees; and pursuant to customs or practices of falsely arresting individuals, falsification, and using force, when none is necessary.

27.     The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware from lawsuits, notices of claims, complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board, and extensive media coverage that many NYPD officers, including the defendants engage in a practice of falsification to justify unlawful arrests and use force when no force is necessary.

4

28.     For instance, in another civil rights action filed in this court involving false allegations by NYPD officers, Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department.  . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged. *Colon v. City of New York, et. al.,* 2009 WL 4263362, *2 (E.D.N.Y. 2009).

29.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiffs' civil rights.

30.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

31.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

32.     All of the aforementioned acts deprived plaintiff DAVID BOONE of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

33.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority

attendant thereto.

34.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

35.     As a result of the foregoing, plaintiff DAVID BOONE sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

### Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983 against Defendant Officers)

36.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37.     Defendant officers arrested plaintiff DAVID BOONE without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

38.     Defendant officers caused plaintiff DAVID BOONE to be falsely arrested and unlawfully imprisoned.

39.     As a result of the foregoing, plaintiff DAVID BOONE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983 against Defendant Officers)

40.     Plaintiff repeats, reiterates and realleges each and every allegation contained in

6

paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41.     The level of force employed by defendants was excessive, objectively unreasonable, and otherwise in violation of plaintiff DAVID BOONE's constitutional rights.

42.     As a result of the aforementioned conduct of defendants, plaintiff DAVID BOONE was subjected to excessive force and sustained physical and emotional injuries.

43.     As a result of the foregoing, plaintiff DAVID BOONE is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

44.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45.     Defendants initiated, commenced and continued a malicious prosecution against plaintiff DAVID BOONE.

46.     Defendants caused plaintiff DAVID BOONE to be prosecuted without probable cause until the charges were dismissed and sealed on or about December 28, 2021.

47.     As a result of the foregoing, plaintiff DAVID BOONE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Violation of Right to Fair Trial/Fabrication of Evidence under 42 U.S.C. § 1983)

48.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49.     Defendants created false evidence against plaintiff DAVID BOONE.

50.     Defendants utilized this false evidence against plaintiff DAVID BOONE in legal proceedings.

51.     As a result of defendants' creation and use of false evidence, plaintiff DAVID BOONE suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

52.     As a result of the foregoing, plaintiff DAVID BOONE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

53.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54.     Defendants had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in their presence by other officers.

55.     The defendants failed to intervene to prevent the unlawful conduct described herein.

56.     As a result of the foregoing, plaintiff was subjected to excessive force, his liberty was restricted, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

57.     As a result of the foregoing, plaintiff DAVID BOONE is entitled to compensatory

damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Supervisory Liability under 42 U.S.C. § 1983 against Supervisory Defendant Officers)

58.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

60.     As a result of the foregoing, plaintiff DAVID BOONE is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983 against Defendant City of New York)

61.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

63.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, unlawfully arresting individuals and then manufacturing evidence and otherwise engaging in falsification to justify

9

said arrests, and using force when no force is warranted.  In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff DAVID BOONE'S rights as described herein.  As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

64.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff DAVID BOONE.

65.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff DAVID BOONE as alleged herein.

66.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff DAVID BOONE as alleged herein.

67.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff DAVID BOONE was unlawfully seized, detained, imprisoned, searched, and subjected to physical abuse.

68.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff DAVID BOONE'S constitutional rights.

69.    All of the foregoing acts by defendants deprived plaintiff DAVID BOONE of federally protected rights, including, but not limited to, the right:

A.     To be free from false arrest/unlawful imprisonment;

B.     To be free from excessive force;

C.     To be free from malicious prosecution; and

D.     To receive a fair trial.

70.     As a result of the foregoing, plaintiff DAVID BOONE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

71.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

73.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

74.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

75.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

76.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

11

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (False Arrest under the laws of the State of New York against all Defendants)

77.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

78.     Defendants arrested plaintiff DAVID BOONE without probable cause.

79.     Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

80.     As a result of the aforementioned conduct, plaintiff DAVID BOONE was unlawfully imprisoned in violation of the laws of the State of New York.

81.     As a result of the aforementioned conduct, plaintiff DAVID BOONE suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

82.     Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

83.     As a result of the foregoing, plaintiff DAVID BOONE is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Assault under the laws of the State of New York against all Defendants)

84.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "83" with the same force and effect as if fully set forth herein.

85.     As a result of the foregoing, plaintiff DAVID BOONE was placed in apprehension of imminent harmful and offensive bodily contact.

86.     As a result of defendant's conduct, plaintiff DAVID BOONE has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

87.     Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

88.     As a result of the foregoing, plaintiff DAVID BOONE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Battery under the laws of the State of New York against all Defendants)

89.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "88" with the same force and effect as if fully set forth herein.

90.     Defendants made offensive contact with plaintiff without privilege or consent.

91.     As a result of defendant's conduct, plaintiff DAVID BOONE has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

92.     As a result of the foregoing, plaintiff DAVID BOONE is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (Malicious Prosecution under the laws of the State of New York)

93.     Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "92" with the same force and effect as if fully set forth herein.

94.    The defendant officers initiated, commenced and continued a malicious prosecution against plaintiff DAVID BOONE.

95.    Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

96.    Defendants caused plaintiff DAVID BOONE to be prosecuted without probable cause until the charges were dismissed on or about December 28, 2021.

97.    As a result of the foregoing, plaintiff DAVID BOONE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
### (Negligent Screening, Hiring, and Retention under the laws of the State of New York against Defendant City of New York)

98.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "97" with the same force and effect as if fully set forth herein.

99.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who falsely arrested, assaulted and battered plaintiff, and who maliciously prosecuted plaintiff DAVID BOONE.

100.    Defendant CITY OF NEW YORK knew or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

101.    As a result of the foregoing, plaintiff DAVID BOONE is entitled to compensatory

damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A THIRTEENTH CAUSE OF ACTION**
(Negligent Training and Supervision under the laws of the State of New York against Defendant City of New York)

102.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "101" with the same force and effect as if fully set forth herein.

103.    Upon information and belief, the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who falsely arrested, assaulted and battered plaintiff, and who maliciously prosecuted plaintiff.

104.    As a result of the foregoing, plaintiff DAVID BOONE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff DAVID BOONE demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)    full and fair compensatory damages in an amount to be determined by a jury;

(B)    punitive damages against the individual defendants in an amount to be determined by a jury;

(C)    reasonable attorneys' fees and the costs and disbursements of this action; and

(D)    such other and further relief as appears just and proper.

Dated: New York, New York
       March 9, 2023

                                          BRETT H. KLEIN, ESQ., PLLC
                                          Attorneys for Plaintiff DAVID BOONE
                                          305 Broadway, Suite 600
                                          New York, New York 10007
                                          (212) 335-0132

                                   By:    _____
                                          *Brett Klein*
                                          BRETT H. KLEIN (BK4744)

16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

DAVID BOONE,

                                  Plaintiff,

        -against-

CITY OF NEW YORK, ARIEL PEREZ, Individually,
and JOHN and JANE DOE 1 through 10, Individually,
(the names John and Jane Doe being fictitious, as the true
names are presently unknown),

                                Defendants.

--------------------------------------------------------------------------------X

**COMPLAINT**

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132